**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY ZELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 C 00154 |
| | ) | |
| HINSDALE TOWNSHIP HIGH SCHOOL | ) | Judge Sharon Johnson Coleman |
| DISTRICT 86 | ) | |
| | ) | Magistrate Judge Susan Cox |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on defendant Hinsdale Township High School

District 86's ("Hinsdale") motion to dismiss Count III of the Second Amended Complaint

pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Count III

alleges a violation of the Illinois Whistleblower Act ("IWA"). Hinsdale argues that the

Whistleblower claim is untimely because it was not filed within the one-year statute of

limitations contained in the Illinois Local Governmental and Government Employees Tort

Immunity Act ("Tort Immunity Act") (745 ILCS 10/8-101(a)). Alternatively, Hinsdale argues

that Zelman fails to state a claim for retaliatory discharge under the Whistleblower Act because

his complaint about unlawful conduct must be reported to a government or law enforcement

agency and Zelman has only alleged that he reported the unlawful conduct to his employer.

## Background

Gregory Zelman's ("Zelman") three count second amended complaint against Hinsdale Township High School District 86, alleges age discrimination, retaliatory discharge, and violation of the Illinois Whistleblower Act. Zelman alleges that he was employed as the piano accompanist at Hinsdale Township High School from December 2001 until the summer of 2008. Zelman, who was born April 2, 1949, and is 61 years old, alleges *inter alia* that he was terminated from his employment because of his age after he complained about misappropriation of governmental (school) property, misuse of copyright material, age discrimination and assault. Hinsdale filed the instant motion to dismiss Count III at the same time it filed an answer to the remaining counts. Hinsdale denies any wrongdoing.

## Legal Standard

"A complaint will withstand a motion to dismiss if it provides a short and plain statement of the claim showing that the pleader is entitled to relief that is also sufficient to provide the defendant with fair notice of the claim and its basis. In order to demonstrate that he is entitled to relief, however, the pleader must show through his allegations that it is plausible, rather than merely speculative, that he is entitled to relief."

INEOS Polymers, Inc. v. BASF Catalysts**,** 553 F. 3d 491, 497 (7th Cir. 2009) (citations and quotations omitted). When deciding to dismiss a complaint, the Court accepts all well-pleaded allegations as true (Twombly, 550 U.S. 544, 59 (2007)), and draws all reasonable inferences in favor of the pleader. Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

*1. Failure to State a Claim*

Hinsdale moves to dismiss Count III of the Complaint for failure to state a claim under the IWA, which makes it unlawful for an employer to "retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15.   Hinsdale asserts that Zelman only alleges that he complained to his supervisors and union representatives about the illegal conduct and therefore does not allege that he disclosed the information to a "government or law enforcement agency." Zelman responds that he disclosed the information to the School District superintendent and, as the superintendent is an official representative of a government agency, Count III states a claim under the IWA.

Under the IWA, there is no cause of action where an employee reveals information only to his or her employer. Clark v. Moline Pub. Library, No. 09-4054, 2010 U.S. Dist. LEXIS 6143, *10 (C.D. Ill. Jan. 26, 2010); Riedlinger v. Hudson Respiratory Care, Inc., 478 F.Supp.2d 1051, 1054 (N.D. Ill. 2007); Smith v. Madison Mutual Ins. Co., 2005 U.S. Dist. LEXIS 12760, *1 (S.D. Ill. June 21, 2005); Jones v. Dew, 2006 U.S. Dist. LEXIS 90740, *4 (N.D. Ill. Dec. 13, 2006).   The IWA clearly defines "employer" to include "a unit of local government; a school district, combination of school districts, or governing body of a joint agreement of any type formed by two or more school districts... or any State agency whose major function is providing educational services...".  740 ILCS 174/5.  In Clark and Reidlinger, the court referred to the legislative history of the IWA, which indicates that the legislative intent was that the statute would apply where an employee takes concerns about work place violations to the authorities or

a law enforcement agency. <u>Clark</u>, at *10; <u>Reidlinger</u>, 478 F.Supp.2d at 1055. Logically, by expressly including school districts in the definition of employer, the Illinois legislature did not intend to also include school district as a "governmental or law enforcement agency." Therefore, Zelman has failed to state a cause of action because he only alleges that he complained of the illegal conduct to "numerous school officials," "his assistant principal," "union representative," and "Superintendent Wahl." Amended Complaint ¶¶ 23-25.

## 2. Statute of Limitations

Since Zelman has failed to state a claim under the IWA, this Court need not reach the question of whether the claim is barred by the statute of limitations. However, considering that amendments to pleadings should be allowed as justice requires, this Court will address whether the claim would be time barred if properly pled. Hinsdale contends that Count III should be dismissed because the statute of limitations has expired on that count. Hinsdale argues that the Illinois Whistleblower Act codified common law retaliatory discharge, and thus is a tort action. Since it is a tort, the Tort Immunity Act applies, including the one-year statute of limitations.

Although no court has yet addressed the issue of whether the statute of limitations contained in the Tort Immunity Act applies in retaliatory discharge cases, the Illinois Supreme Court has held that the Tort Immunity Act does not immunize local government employees from liability for retaliatory discharge. See <u>Boyles v. Greater Peoria Mass Transit Dist.</u>, 113 Ill. 2d 545, 556 (Ill. 1986). The Illinois Supreme Court in <u>Smith v. Waukegan Park District</u>, held that the Tort Immunity Act did not apply in cases of retaliatory discharge because the Tort Immunity Act immunizes government entities from liability for torts committed by *employees* and retaliatory discharge claims are the result of wrongdoing by an *employer*. 231 Ill. 2d 111, 117

(Ill. 2008); 745 ILCS 10/2-109.   Although the plaintiff in <u>Smith</u> was claiming retaliatory discharge for filing a workers' compensation claim and not claiming protection under the IWA, the principle is the same.   Therefore, this Court finds that the one-year statute of limitations contained in the Tort Immunity Act does not apply to the instant case of retaliatory discharge under the IWA.

## **Conclusion**

Based on the foregoing, Count III of the Second Amended Complaint is dismissed without prejudice.

IT IS SO ORDERED.


Date: November 12, 2010                                          Entered:

                                                                                 _____

                                                                                 Judge Sharon Johnson Coleman